■ MARGARET TOLLINGER, as Executrix of JAMES TOLLINGER, Deceased, Appellant, v ITHACA GUN COMPANY, INC., et al., Defendants, and OSWOI HOLDING, LTD., Respondent.—Mikoll, J. Appeal from an order of the Supreme Court (Rose, J.), entered July 13, 1989 in Tompkins County, which, *inter alia,* granted a motion by defendant Oswoi Holding, Ltd. for summary judgment dismissing the complaint against it.

The primary issues presented for review on this appeal are whether Supreme Court, in granting summary judgment in favor of defendant Oswoi Holding, Ltd. (hereinafter defendant) dismissing the complaint against it and declaring that plaintiff has no cognizable claim to the MAG-10[1] patents in dispute, properly found (1) that the MAG-10 patents were included under the security agreements executed by respondent Ithaca Gun Company, Inc. (hereinafter Ithaca)[2] to Citizens Savings Bank (hereinafter Citizens) and to the Economic Development Administration (hereinafter EDA), and (2) that defendant validly purchased the MAG-10 patents for value and without notice of plaintiff's claim thereto under a reassignment agreement, since that agreement was never recorded pursuant to 35 USC § 261 and since defendant did not have actual or constructive notice of that agreement. We conclude that Supreme Court properly decided both issues. Accordingly, there should be an affirmance.

In 1972, plaintiff's decedent, James Tollinger, a gunsmith and an employee of Ithaca, entered into an agreement (hereinafter the 1972 agreement) with Ithaca wherein he agreed, *inter alia,* to complete the development of the MAG-10 and to grant Ithaca the exclusive right to manufacture and sell it. The 1972 agreement further specified that if Tollinger obtained a patent on the MAG-10, he would enter into subsequent licensing or other agreements with Ithaca.

In 1975, Tollinger entered into a second agreement (hereinafter the 1975 agreement) with Ithaca, whereby he assigned his interest in and title to his MAG-10 patent application and any patents issued thereon to Ithaca. This assignment was recorded in the United States Patent and Trademark Office. At that time, Tollinger and Ithaca also executed a reassign-

---

1. The MAG-10 is a semiautomatic shotgun invented and developed by plaintiff's decedent.

2. Ithaca defaulted in this action and does not therefore appear in this appeal.

ment agreement in which Ithaca promised to reassign to Tollinger the MAG-10 patent application and any patents based thereon in the event that Ithaca ceased to manufacture or sell the MAG-10 for one year. The reassignment agreement was never recorded in the Patent and Trademark Office.

In 1979, as collateral for a $6 million secured loan, Ithaca assigned all of its patents to Citizens and granted it a security interest in all of its patents. In a separate document, Ithaca specifically assigned to Citizens four of its patents. Subsequently in 1981 Ithaca obtained a $750,000 loan from the EDA. That loan was also secured by the assets of Ithaca.

Thereafter, in 1985, Ithaca filed a chapter 11 petition for protection under the Bankruptcy Act of 1978. In connection therewith, Ithaca filed with Bankruptcy Court a notice of and application for the sale of its assets, free and clear of all liens. Tollinger subsequently filed an objection to the proposed sale of Ithaca's assets, claiming that the 1972 agreement gave him a reversionary interest in all patent rights to the MAG-10. Following a hearing, Bankruptcy Court approved the joint purchase bid of Citizens and EDA, who then took title to Ithaca's assets in the name of a nominee, defendant herein. Defendant thereafter transferred title to the patents to defendant Remington Arms Company, Inc. (hereinafter Remington)[3].

Plaintiff brought the present action seeking, *inter alia,* an order restraining transfer of the MAG-10 patents by Remington, specific performance of the reassignment agreement and/or $500,000 in damages against defendant. Defendant, in its answer, counterclaimed for a declaration that title to the MAG-10 patents does not lie with plaintiff. Thereafter, Supreme Court granted defendant's motion for summary judgment dismissing the complaint against it and declaring that plaintiff has no cognizable claim to the MAG-10 patents. This appeal by plaintiff ensued.

Plaintiff's contention that a question of fact exists as to whether the MAG-10 patents were subject to the security agreements executed by Ithaca in favor of Citizens and the EDA is without merit. Plaintiff argues that since Ithaca entered into a loan agreement and a security agreement which gave Citizens a security interest in all of its assets, and then executed an assignment of four specific patents, none of which was the MAG-10 patent, Citizens was never given a security interest in the MAG-10 patents. Essentially plaintiff

---

3. Remington does not appear in this appeal.

claims that the three documents create an ambiguity which requires that the specific language of the assignment control. As Supreme Court concluded, plaintiff is in error in reaching this conclusion. The specific controls over the general when speaking of but one contract (see, e.g., *Waldman v New Phone Dimensions,* 109 AD2d 702, 703-704). However, when, as here, the three instruments are part of the same transaction they are to be read and interpreted together, "it being said that they are, in the eye of the law, one instrument" *(BWA Corp. v Alltrans Express U.S.A.,* 112 AD2d 850, 852). Accordingly, the failure of the assignment to mention the MAG-10 patents is overcome by the all-encompassing language used in both the loan agreement and the security agreement.

Additionally, there is sufficient evidence in the record to establish that the EDA possessed a security interest in the MAG-10 patents, since the loan it made to Ithaca was secured by all of Ithaca's assets. Moreover, Ithaca was the record assignee of the MAG-10 patents at the time of defendant's purchase thereof. Thus, at the time of the bankruptcy sale, the MAG-10 patents were among the assets of Ithaca purchased by defendant. Supreme Court therefore properly concluded that any deficiency in the prior security interests granted by Ithaca did not affect defendant's status as purchaser at the bankruptcy sale.

Next, plaintiff's argument that the objection filed by Tollinger with Bankruptcy Court prior to defendant's purchase of the MAG-10 patents gave defendant either actual or constructive notice of the reassignment agreement, thus destroying any protection defendant may have been afforded as a purchaser for value pursuant to 35 USC § 261, is rejected. According to 35 USC § 261, "[a]n assignment, grant or conveyance [of a patent] shall be void as against any subsequent purchaser or mortgagee for a valuable consideration, without notice, unless it is recorded in the Patent and Trademark Office within three months from its date or prior to the date of such subsequent purchase or mortgage". While Tollinger's objection placed defendant on notice of the 1972 agreement, it was inadequate to give defendant notice of the unrecorded reassignment agreement executed by Tollinger and Ithaca in 1975. Furthermore, although Bankruptcy Court's order approving defendant's purchase made it clear that defendant purchased the MAG-10 patents on notice of and subject to Tollinger's claim, it is clear that the only claim of which defendant had notice at the time of the sale was that which was referred to in Tollinger's objection. That reference was to the 1972 agree-

ment which, in turn, mentioned the possible existence of later agreements between Tollinger and Ithaca. However, there is no indication in the record that from this information defendant would have discovered the unrecorded reassignment agreement using "ordinary thoughtfulness" and making "accessible inquiries" *(United States v Orozco-Prada,* 636 F Supp 1537, 1543, *affd* 847 F2d 836). Significantly, defendant did not become aware of the existence of the 1975 reassignment agreement until December 1986, two months after its purchase of Ithaca's assets, and did not see the reassignment agreement until it was located and produced by Tollinger in March 1987.

Finally, as to the consideration given by defendant, the record demonstrates that defendant purchased the MAG-10 patents for value by bidding its secured liens on Ithaca's assets, within the context of 35 USC § 261. In addition, defendant did pay Ithaca $75,000 for administrative expenses. Thus, since defendant acquired the MAG-10 patents for value and without notice, the unrecorded reassignment agreement was ineffective against defendant *(see, CMS Indus. v L. P. S. Intl.,* 643 F2d 289, 294).

Order affirmed, without costs. Weiss, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.